**UNITED STATES of America, Plaintiff,**

v.

**Jerry Paul LILLARD, Defendant.**

No. CR 89–60094–BU.
Civ. Nos. 95–243–JO, 94–6477–BU.

United States District Court,
D. Oregon.

June 9, 1995.

Kristine Olson Rogers, U.S. Atty., D. of Or., Deborah J. Dealy–Browning, Asst. U.S. Atty., Portland, OR, for the U.S.

George G. Curtis, Zbinden & Curtis, Portland, OR, for defendant.

## ORDER

ROBERT E. JONES, District Judge:

Defendant Jerry Paul Lillard has made several motions which raise issues regarding the Double Jeopardy Clause of the Fifth Amendment. Having considered the evidence and arguments presented by the parties, I rule as follows.

Lillard's motion for return of property (# 147) is denied because Lillard has not shown an unlawful seizure of his property.

The motion to vacate or correct sentence under 42 U.S.C. § 2255 (# 151) is denied. As to the $6,430 in currency administratively forfeited by the DEA, it has been established that this forfeiture does not relate to the same offense as the criminal counts which form the basis of Lillard's conviction. As to any other property seized from Lillard, there is no evidence of any forfeiture which took place before Lillard's criminal conviction. Therefore, Lillard's criminal conviction did not violate the Double Jeopardy Clause. For the same reasons, the motion for summary judgment regarding the motion to vacate or correct sentence (# 166) is denied.

The motion to recuse Assistant United States Attorney Dealy–Browning (# 154) is denied. The record does not establish any impropriety on the part of the United States Attorney's Office, but merely a valid intent to prosecute perjury. For the same reason, the motion for judgment of acquittal due to prosecutorial misconduct (# 157) is denied.

The motion for discovery (# 153) is deemed to be moot.

IT IS SO ORDERED.